[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15476
Non-Argument Calendar

_____

BIA Nos. A95-898-589
A95-898-590

JESUS DAVID GARCIA-REINA,
MERCEDES MATIZ,
DAVID S. GARCIA,
MARIA P. GARCIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent,

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(September 8, 2005)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Petitioners Jesus David Garcia-Reina ("Garcia"), Mercedes Matiz ("Matiz"), David S. Garcia ("David"), and Maria P. Garcia ("Maria"), through counsel, petition for review of the final order of the Board of Immigration Appeals ("BIA") decision dismissing their appeal and affirming the immigration judge's ("IJ") order finding them removable and denying their application for asylum, withholding of removal under section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).

Petitioners argue that Garcia[1] was persecuted on account of his political opinion based on threats he received from Revolutionary Armed Forces of Colombia ("FARC") members concerning his Liberal Party campaign activity. They contend that: (1) the BIA's decision was insufficient to adopt the IJ's reasoning; (2) the IJ erred in finding that Garcia failed to meet his burden of showing eligibility for withholding of removal under the INA; and (3) the IJ erred in finding that he failed to meet his burden of showing eligibility for CAT relief.

To the extent that the BIA's decision was based on a legal determination, our review is de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the

---

[1]The claims of Matiz, David, and Maria rely entirely on Garcia's claims.

substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar v. Ashcroft*, 257 F.3d 1266, 1283-84 (11th Cir. 2001) (quotation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. Office of the U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding-of-removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 125 S. Ct. 2245 (2005).

Garcia first argues the BIA's decision was insufficient to adopt the reasoning of the IJ's decision. We may review a final agency decision on removal. INA § 242, 8 U.S.C. § 1252. An order of deportation becomes a final order upon a determination by the BIA affirming it. INA § 101(a)(47)(B)(i), 8 U.S.C. § 1101(a)(47)(B)(i). We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar*, 257 F.3d at 1284.

An agency decision must be remanded if it is not sufficiently clear to conduct a review of that decision. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196-

3

97, 67 S. Ct. 1575, 1577, 91 L. Ed. 2d 1995 (1947). If an IJ clearly sets forth the reasons for a denial of an application for asylum, the Board "adequately explains its decision when it adopts a decision of the IJ." *Cuevas v. INS*, 43 F.3d 1167, 1170 (7th Cir. 1995).

The record demonstrates that the petitioners have cited no authority for the prospect that the BIA is limited to certain terminology when adopting the decision or reasoning of an IJ. The BIA's agreement with the IJ's findings concerning whether petitioners met their burden is not a statement of a mere legal conclusion, but a comment on the evidence produced before the IJ and the application of the law.

Next, petitioners argue that they met their burden in showing that Garcia was persecuted, or had a well-founded fear of persecution, on account of his political opinion and are thus entitled to withholding of removal under the INA. In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien must show that it is "more likely than not that [he] will be persecuted or tortured upon being returned to [his] country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). This standard is more stringent than the "well-founded fear" standard for asylum. *Mazariegos,* 241 F.3d

4

at 1324 n. 2 (11th Cir. 2001). Hence, an alien who is unable to meet the well-founded fear standard for asylum generally is unable to qualify for withholding of removal. *See Al Najjar*, 257 F.3d at 1292-93.

While the INA does not define persecution, courts have generally held that persecution is "punishment or the infliction of harm for political, religious, or other reasons that this country does not recognize as legitimate." *See, e.g. Tamas-Mercea v. Reno*, 222 F.3d 417, 424 (7th Cir. 2000) (quotation omitted). "Persecution encompasses more than threats to life or freedom; non-life threatening violence and physical abuse also fall within this category." *Id.* We have stated that mere harassment is not persecution, and that persecution requires "more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (quotation omitted); *see also Nelson v. INS*, 232 F.3d 258, 263 (1st Cir. 2000) (persecution "must rise above unpleasantness, harassment, and even basic suffering").

> "If an alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to his country unless the INS [or DHS] shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so."

*Mendoza*, 327 F.3d at 1287.

5

"An alien who has not shown past persecution, though, may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." *Id.* To establish a "well-founded fear," "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289 (discussing well-founded fear as it applies to asylum). "An alien cannot demonstrate that he more-likely-than-not would be persecuted on a protected ground if the IJ finds that the alien could avoid a future threat by relocating to another part of the country." *Mendoza*, 327 F.3d at 1287.

"[P]ersecution on account of . . . political opinion . . . is persecution on account of the *victim's* political opinion, not the persecutor's." *INS v. Elias-Zacarias*, 502 U.S. 478, 482, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992) (internal quotation omitted). To qualify for withholding of removal based on persecution by a guerilla group on account of a political opinion, Garcia must establish that the guerillas persecuted him or will seek to persecute him in the future *because of* his actual or imputed political opinion. *See id.* at 482-83, 112 S. Ct. at 815-16 (discussing asylum).

When the IJ does not express whether he or she finds an applicant's testimony credible, "'the reviewing Court is left in the dark.'" *Yang v. U.S. Att'y Gen.*, ___ F.3d ___, No. 03-16068, 2005 WL 1289659, at *2 (11th Cir. July 29,

6

2005) (quotations and citations omitted).  In *Yang*, this Court held that an IJ's statements that an asylum applicant's claims were a "ridiculous fabrication" and "extremely inconsistent" did not constitute an explicit adverse credibility determination.  *Id.*

We conclude from the record that the IJ's statement that Garcia's testimony was insufficient to establish a claim for withholding of removal, coupled with the cited inconsistencies in Garcia's testimony, did not constitute an adverse credibility determination.  Notwithstanding this, the threats Garcia received did not rise to the level of persecution.  The record also did not include any evidence of escalation beyond threats.  The threats did not increase in intensity and only marginally increased in frequency.  Further, the absence of any escalation supports the IJ's conclusion that Garcia's fear of future persecution was not reasonable.  The IJ's finding that Garcia failed to show past persecution or a well-founded fear of future persecution was supported by substantial evidence and Garcia has failed to point to any evidence which compels a reversal of that finding.

Lastly, Garcia argues that the IJ erred in finding he did not meet the burden of proving his entitlement to CAT relief.  To be entitled to relief under the CAT, an applicant must establish that it is "more likely than not that he would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).  "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).  The burden of proof for an applicant seeking relief under the CAT, like that for an applicant seeking withholding of removal under the INA, is higher than the burden imposed on an asylum applicant.  *Al Najjar*, 257 F.3d at 1303.

We conclude from the record that petitioners failed to carry their burden of establishing past persecution or a well-founded fear of persecution and the "more-likely-than-not" burden of proof required for eligibility for withholding of removal.  Accordingly, they cannot sustain the burden with regard to CAT relief.  In addition, there is no evidence that any feared torture would be carried out by the Colombian government or by others with government's acquiescence.  *Al Najjar*, 257 F.3d at 1303; 8 C.F.R. § 208.18(a)(1).

Based upon the foregoing discussion, we deny the petition for review.

**PETITION DENIED.**

8